## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| MARK A. BAINE, | ) |
| | ) |
|    Petitioner, | ) |
| | ) |
| vs. | )   Civil Action No. 10-0334-CG-N |
| | ) |
| BILLY MITCHUM, | ) |
| | ) |
|    Respondent. | ) |
| | ) |

## <u>ORDER</u>

This matter is before the Court on the Report and Recommendation of

the Magistrate Judge (Doc. 33). Also before the court is the respondent Billy

Mitchum's ("Mitchum") and the petitioner Mark A. Baine's ("Baine")

objections thereto (Docs. 37, 39). The Magistrate Judge recommended that

Baine's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be

denied and that no Certificate of Appealability be issued nor appeal of this

ruling be brought in forma pauperis. After due and proper consideration of all

portions of this file deemed relevant to the issue raised, and a *de novo*

determination of those portions of the recommendation to which objection is

made, the Report and Recommendation of the Magistrate Judge made under

28 U.S.C. § 636(b)(1)(B) is **ADOPTED** as the opinion of this Court, with the

following additional discussion.

# DISCUSSION

Following his direct appeal, Baine filed the present petition pursuant to 28 U.S.C. § 2254 challenging his 2006 murder conviction. Baine's habeas petition raises the following claims:

(1) Prosecutor violated the 5th and 14th Amendments by commenting at trial on Baine's post-arrest silence. (Doc. 1 at 8).

(2) Trial court violated Baine's due process right when it did not give jury instruction on voluntary intoxication and a lesser-included offense. (Id. at 9-10)

(3) Baine was denied a fit and impartial judge (Id. at 12)

(4) State failed to disclose all the statements made by its witness, Daryl Blount, on the night of the crime including evidence that would have impeached his testimony. (Id. at 14).

(5) If the State contends that "no 'eyewitness' Report to the Police" by Daryl Blount exists, then Blount's testimony that he gave such a report to the policy was perjured testimony used to obtain Baine's conviction. (Id. at 15-16).

(6) Numerous exhibits were admitted into evidence without scientific testing and should have been excluded. (Id. at 16).

(7) Baine's right to a fair trial was violated when trial counsel allowed the State to mislead the jury, and appellate counsel to mislead the Alabama Court of Criminal Appeals, into believing that the swabs of DNA were taken from the victim when they were in fact taken from Baine. (Id.).

(8) Trial counsel was ineffective because he failed to request jury instruction on a lesser included offense; to object to the undisclosed statement made by the State's witness, Daryl Blount; to object to the prosecutor's commenting at trial about Baine's post arrest silence; to object to the admission of "untested" evidence; to appeal adverse ruling on motion to suppress; and to pursue Baine's motion for impeaching information. (Id. at 17-20).

(9) State's evidence was insufficient to warrant a conviction for murder. (Id. at 21).

(10) Potentially exculpatory evidence was suppressed or destroyed. (Id.)

(11) Appellate counsel was ineffective for failing to address on appeal trial counsel's failure too appeal adverse ruling on motion to suppress evidence obtained by unconstitutional seizure. (Id. at 22).

(Doc. 33 at 10-11). Relying on the Alabama Court of Criminal Appeals finding that claims 4, 5, 6, and 10 were not sufficiently plead as required by Alabama law, the Magistrate Judge found the claims were procedurally defaulted. Although the Magistrate Judge noted that the Alabama Criminal Court of Appeals found 1, 2, 3, and 7 procedurally defaulted for the same reasons, the Magistrate Judge denied the claims on the merits rather than on the basis of being barred as procedurally defaulted. Specifically, the report and recommendation states:

> On direct appeal, Baine argued in sum, that the State's evidence was insufficient to prove that he committed murder. He specifically argued that there was no evidence that he intended to cause the death of Brunson or used an object of any type to cause the death. Consequently, Blaine's claims two and five, are exhausted to the extent he asserted these claims on direct appeal.
>
> Pursuant to his post-conviction Rule 32 petitions, Baine raised at leas nine claims for relief. On appeal from the denial of his Rule 32 petition, he raised thirteen claims. The claims asserted by Baine in the present federal habeas petition were among the claims asserted in his appeal from the denial of his Rule 32 petition. Consequently, the federal claims are exhausted. The Alabama Court of Criminal Appeals affirmed the denial of Baine's Rule 32 petition, holding that the claims were not pleaded with the specificity required by Ala.R.Crim.P 32.2

and 32.6(b). The judgment entered by the Alabama Court of Criminal Appeals appears to rest solely on a procedural bar (doc. 9-20 at 2-4). However, Respondent has, like the Mobile County Circuit Court, addressed Baine's claims on the merits and the undersigned will do the same.

(Doc. 33 at 22-23).

Mitchum objects to the report and recommendation to the extent that the Magistrate Judge's analysis of claims 1, 2, 3 and 7 on the merits is "construed as a waiver of the state procedural bar by the Respondent." (Doc. 37 at 3). The court does not construe the Magistrate Judge's language as a waiver of the procedural bar by the Respondent. Rather, the court acknowledges that the claims are due to be denied as procedurally defaulted, but also goes through the analysis of why the claims are denied on the merits to oblige such arguments addressed by the Respondent's motion.

Baine's objection fails to raise any issue not previously addressed in the Magistrate Judge's report and recommendation. Rather, Baine merely rehashes and expands upon previously considered and rejected arguments in connection with his § 2254 claim. The court has considered Baine's arguments, and reviewed the report and recommendation of the Magistrate Judge. The court finds that the Magistrate Judge properly denied all § 2254 claims raised by Baine. The Magistrate Judge also properly rejected Baine's request for an evidentiary hearing.

## CONCLUSION

It is **ORDERED** that the petition for writ of habeas corpus filed by Mark A. Baine (Doc. 1) is hereby **DENIED.** The court further finds that Baine is not entitled to issuance of a Certificate of Appealability, and, therefore, is not entitled to appeal in forma pauperis.

**DONE and ORDERED** this 8th day of November, 2013.

/s/  Callie V. S. Granade
UNITED STATES DISTRICT JUDGE