## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| MARK A. BAINE, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 10-00334-CG-N |
| | ) | |
| GUY NOE, *Warden*, | ) | |
| *Decatur Community Based Facility/* | ) | |
| *Community Work Center*,[1] | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATIONS

Petitioner Mark A. Baine, an Alabama prisoner proceeding *pro se*, has filed a Motion for Relief from Judgment under Federal Rule of Civil Procedure 60(b) (Doc. 56), seeking relief from this Court's final judgment denying his Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 (Doc. 1).  Under S.D. Ala. GenLR 72(b), the motion has been referred to the undersigned Magistrate Judge for entry of a recommendation as to the appropriate disposition, in accordance with 28 U.S.C. § 636(b)(1)(B)-(C), Federal Rule of Civil Procedure 72(b)(1), Rule 10 of the Rules Governing Section 2254 Cases in the United States District Courts, and S.D. Ala. GenLR 72(a)(2)(R) & (S).  Upon consideration, the undersigned finds that the Rule 60(b) motion is due be **DENIED in part** on the merits and **DISMISSED in part** for lack of jurisdiction as an unauthorized second or successive petition.

---

[1] Guy Noe, current warden for the Decatur Community Based Facility/Community Work Center (*see* http://www.doc.state.al.us/facility.aspx?loc=34 (last visited Oct. 26, 2016)), is substituted as the Respondent in this habeas action.  *See* Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts; Fed. R. Civ. P. 25(d).

# I.   <u>Procedural History</u>

Baine initiated this action in 2010 by filing a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254, challenging his incarceration pursuant to a 2006 criminal judgment handed down by the Circuit Court of Mobile County, Alabama. (Doc. 1).  On August 20, 2013, the undersigned Magistrate Judge entered a report recommending that the petition be denied, finding that some of Baine's claims were procedurally defaulted and that the rest were without merit.  (Doc. 33).   On November 8, 2013, after considering Baine's objections, the Court adopted the undersigned's report and recommendation with additional discussion, denied the petition, and denied Baine a certificate of appealability.  (Doc. 40).  Final judgment was entered November 12, 2013.  (Doc. 41).  On June 18, 2014, the Eleventh Circuit Court of Appeals also denied Baine a certificate of appealability (*see* Doc. 54), and on October 13, 2015, the United States Supreme Court denied Baine's petition for a writ of certiorari (*see* Doc. 55).

Baine's present Rule 60(b) motion is deemed filed with the Court on October 8, 2016, the date he certifies that it was delivered to prison officials for mailing. (Doc. 56).   He asserts that he is due relief under Rule 60(b)(1) and (3) ("On motion and just terms, the court may relieve a party … from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; [or] (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party…").

## II.     Analysis

### A.     Rule 60(b) Motion

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), before a petitioner can file a second or successive § 2254 habeas petition, he must obtain an order from the appropriate court of appeals authorizing the district court to consider the second or successive petition.  28 U.S.C. § 2244(b)(3)(A); Rule 9 of the Rules Governing Section 2254 Cases in the United States District Courts. "Without authorization, the district court lacks jurisdiction to consider a second or successive petition." *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003) (per curiam) (citing *Hill v. Hopper*, 112 F.3d 1088, 1089 (11th Cir. 1997) (per curiam)).  "In *Gonzalez v. Crosby,* 545 U.S. 524, 125 S. Ct. 2641, 162 L. Ed. 2d 480 (2005), the Supreme Court discussed criteria for determining when a Rule 60(b) motion in a habeas case should be treated as an attempt to circumvent the AEDPA limitations on second or successive petitions." *Zakrzewski v. McDonough*, 490 F.3d 1264, 1267 (11th Cir. 2007) (per curiam).

> The Supreme Court held in *Gonzalez* that a Rule 60(b) motion is to be treated as a successive habeas petition if it: (1) "seeks to add a new ground of relief;" or (2) "attacks the federal court's previous resolution of a claim *on the merits*." [545 U.S.] at 532, 125 S. Ct. at 2648. Where, however, a Rule 60(b) motion "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," the motion is not a successive habeas petition. *Id.* A "claim," as described by the Court in *Gonzalez,* is "an asserted federal basis for relief from a state court's judgment of conviction." *Id.* at 530, 125 S. Ct. at 2647. The Supreme Court further explained in *Gonzalez* that:

> The term "on the merits" has multiple usages. We refer here to a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. § 2254(a) and (b). When a movant asserts one of those grounds (or asserts that a previous ruling regarding one of those grounds was in error) he is making a habeas corpus claim. He is not doing so when he merely asserts that a previous ruling which precluded a merits determination was in error—for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar.

*Id.* at 532 n.4, 125 S. Ct. at 2648 n.4 (citation omitted).

> When a Rule 60(b) motion qualifies as a second or successive habeas petition as defined in *Gonzalez*, it must comply with the requirements for such petitions under the AEDPA. *See* 28 U.S.C. § 2244.

*Williams v. Chatman*, 510 F.3d 1290, 1293–94 (11th Cir. 2007) (per curiam).

Here, Baine claims he is due relief under Rule 60(b) for three reasons:[2]

1. The Court agreed with one of the Respondent's arguments, made in opposition to Baine's claim that the prosecutor improperly commented on Baine's post-arrest silence at trial, that was contrary to the position taken by the State of Alabama in Baine's state court proceedings.

2. Related to the previous reason, the Court failed to address Baine's argument, raised in his "Reply (Traverse)" (Doc. 20) to the State's answer, that the State was judicially estopped from taking its contrary position.

3. The Court made an erroneous factual determination "when it made the independant [sic] determination that investigators did have probable cause

---

[2] "It is well established that the standards governing the sufficiency of habeas corpus petitions are less stringent when the petition is drafted *pro se* and without the aid of counsel." *Williams v. Griswald*, 743 F.2d 1533, 1542 (11th Cir. 1984). Thus, the undersigned has liberally construed Baine's allegations in the present motion.

when [he] was initially confronted with police[,]"  (Doc. 56 at 6 (citing page 44 of the Report and Recommendation (Doc. 33))), despite the fact that the Respondent's answer purportedly admitted that "[t]he investigator testified that he did not have probable cause to arrest Baine at the time" (*see* Doc. 9 at 36, ¶ 56).[3]

Reasons 1 and 3 are in fact habeas corpus claims, as they attack the substance of the Court's resolution of two of his previous claims on the merits.  *See Williams*, 510 F.3d at 1294.  "Because he [i]s attempting to relitigate previous claims that challenge the validity of his conviction, [Baine] [i]s required to move [the Eleventh Circuit Court of Appeals] for an order authorizing the district court to consider a successive habeas petition. See 28 U.S.C. § 2244(b)(3)(A). Without such authorization, the district court lack[s] subject matter jurisdiction to consider the successive petition…"  *Id*. at 1295.  There being no indication in the record that Baine has received such authorization, the Court cannot address the merits of Reasons 1 and 3, which are due to be **DISMISSED** for lack of jurisdiction.

Reason 2 is not a successive habeas claim because it attacks an alleged defect in the integrity of Baine's federal habeas proceedings.  "Because this … issue is confined to a nonmerits aspect of the proceedings, [Baine] c[an] properly raise it as part of his Rule 60(b) motion."  *Id*.  However, Reason 2 is due to be denied as untimely.  Baine's present motion expressly invokes only Rules 60(b)(1) and (3).  Motions under either of those provisions must be made "no more than a year after the entry of the judgment or order or the date of the proceeding."  Fed. R. Civ. P.

---

[3] Baine's "post-arrest silence" and "probable cause" claims were both denied on the merits.

60(c)(1).   Final judgment on Baine's habeas petition was entered on November 12, 2013.   (Doc. 41).   Baine did not file the present motion until almost three years later, and, contrary to Baine's assertions, an "appeal does not toll the time for making a 60(b) motion.   This is because such motion can be made even though an appeal has been taken and is pending." *Transit Cas. Co. v. Sec. Trust Co.*, 441 F.2d 788, 791 (5th Cir. 1971).   *See also Gulf Coast Bldg. & Supply Co. v. Int'l Bhd. of Elec. Workers, Local No. 480, AFL-CIO*, 460 F.2d 105, 108 (5th Cir. 1972) ("Local 480 claims relief under Rule 60(b) (1), (4), and (6). Clause (b) (1) is not available since Local 480 failed to make its motion within one year from the date of the judgment of the district court. The one year limitation is not tolled by an appeal. *Transit Casualty Co. v. Security Trust Co.*, 5 Cir., 1971, 441 F.2d 788."); *SEC v. N. Am. Clearing, Inc.*, No. 15-12919, 2016 WL 3742786, at *1-2 (11th Cir. July 13, 2016) (per curiam) (unpublished) (discussing *Gulf Coast Bldg.*).[4]

Even if Baine's present Rule 60(b) motion were timely, Reason 2 provides no grounds for relief.   "Under Rule 60(b), [a habeas petitioner] must prove ' "extraordinary circumstances" justifying the reopening of a final judgment.' " *Howell v. Sec'y, Fla. Dep't of Corr.*, 730 F.3d 1257, 1260 (11th Cir. 2013) (quoting *Gonzalez*, 545 U.S. at 535 (quoting *Ackermann v. United States,* 340 U.S. 193, 199, (1950)).   "The Supreme Court has explained that extraordinary circumstances that warrant the reopening of a judgment 'will rarely occur in the habeas context,' " *Id.*

---

[4] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

(quoting *Gonzalez*, 545 U.S. at 535), and Baine has failed to show that such "extraordinary circumstances" are present here.

"Judicial estoppel is an equitable doctrine invoked at a court's discretion, designed to protect the integrity of the judicial process." *Stephens v. Tolbert*, 471 F.3d 1173, 1177 (11th Cir. 2006) (per curiam) (quotation omitted). "At a minimum, judicial estoppel requires a party's later position to be contradictory or 'clearly inconsistent' from an earlier one." *Hoefling v. City of Miami*, 811 F.3d 1271, 1278 (11th Cir. 2016). The discrepancies between the State of Alabama's argument to the Alabama Court of Criminal Appeals addressing Baine's "post-arrest silence" claim and the Respondent's argument to this Court addressing that claim, *compare* (Doc. 9 at 21 – 24) *with* (Doc. 22-1 at 29 – 31), do not show "clear inconsistency" and can instead be explained by the limited review that AEDPA imposes upon federal district courts for habeas claims. *See* 28 U.S.C. § 2254(d) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-- (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court

proceeding.").[5]  As Baine has failed to show his claim of judicial estoppel has merit, he is due no relief from the judgment denying his habeas petition.

Thus, Reason 2, Baine's only "true" Rule 60(b) claim, is due to be **DENIED** as untimely raised and, alternatively, as not warranting relief.[6]

## B.    Certificate of Appealability

Generally, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" in a § 2254 case,

---

[5] Moreover, one of the "nonexhaustive factors" a court may consider in deciding whether to apply judicial estoppel is " 'whether the party succeeded in persuading a tribunal to accept the earlier position, so that judicial acceptance of the inconsistent position in a later proceeding creates the perception that either court was misled'..." *Palmer Ranch Holdings Ltd v. C.I.R.*, 812 F.3d 982, 994 (11th Cir. 2016) (quoting *New Hampshire v. Maine*, 532 U.S. 742, 750 (2001) ).  "Absent success in a prior proceeding, a party's later inconsistent position introduces no risk of inconsistent court determinations, and thus poses little threat to judicial integrity."   *New Hampshire v. Maine*, 532 U.S. at 750–51.   Here, the memorandum opinion by the Alabama Court of Criminal Appeals affirming the denial of Baine's state petition for post-conviction relief indicates that the court did not accept the State of Alabama's earlier argument as to the merits of the "post-arrest silence" claim but instead found that claim, as well as all others raised, were properly dismissed on procedural grounds (i.e., Baine's failure to plead his claims with the "specificity required under Rules 32.3 and 32.6(b), Ala. R. Crim. P...").  (Doc. 9-20).

[6] Under 28 U.S.C. § 1631, "[w]henever a civil action is filed in a court ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred." Assuming without deciding that § 1631 permits district courts to construe a "second or successive" application as a motion to obtain authorization for consideration of such an application and to transfer it to the appropriate circuit court of appeals, or alternatively that a district court may stay consideration of a "second or successive" application while the applicant seeks authorization from the circuit court, *see Guenther v. Holt*, 173 F.3d 1328, 1330 & n.4 (11th Cir. 1999) (noting that other circuits permit these procedure but finding it unnecessary to decide whether they "would be viable as an abstract matter"), such a transfer or stay is only warranted "in the interest of justice."   *See id.* at 1330-31.   The interest of justice does not warrant a § 1631 transfer or a stay here, as Baine has not alleged facts plausibly suggesting that either of the two statutory grounds for bringing a second or successive petition is present. *See* 28 U.S.C. § 2244(b)(2).

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, and "[i]t is still the law of this circuit that a certificate of appealability is required for the appeal of any denial of a Rule 60(b) motion for relief from a judgment in a 28 U.S.C. § 2254 or 28 U.S.C. § 2255 proceeding. Where a district court lacks subject matter jurisdiction over a Rule 60(b) motion, however, it also lacks jurisdiction to grant a COA." *Williams*, 510 F.3d at 1294 (citation and quotation omitted). Thus, the Court can only issue a COA as to Reason 2 in the Rule 60(b) motion.

The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). Where the district court "has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). *See also Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) ("Under the controlling standard, a petitioner must show that reasonable jurists could debate whether  (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." (citations omitted and punctuation modified)).). Where habeas relief is denied on procedural grounds without reaching the merits of the underlying constitutional claim(s), "a COA should issue [only] when the prisoner shows . . . that

jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. "A prisoner seeking a COA must prove something more than the absence of frivolity or the existence of mere good faith on his or her part." *Miller-El*, 537 U.S. at 338 (quotations omitted).

The undersigned finds that reasonable jurists could not debate whether Reason 2 in Baine's Rule 60(b) should be resolved in a different manner, either as to timeliness or merit, or that the issue presented is adequate to deserve encouragement to proceed further. Accordingly, the undersigned finds that Baine should be **DENIED** a Certificate of Appealability as to Reason 2.

Rule 11(a) further provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by the petitioner, he may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation. *See, e.g.*, *Brightwell v. Patterson*, No. CA 11-0165-WS-C, 2011 WL 1930676, at *6 (S.D. Ala. Apr. 11, 2011), *report & recommendation adopted*, 2011 WL 1930662 (S.D. Ala. May 19, 2011); *Griffin v. DeRosa*, No. 3:10cv342/RV/MD, 2010 WL 3943702, at *4 (N.D. Fla. Sep. 20, 2010) (providing for same procedure), *report & recommendation adopted*, 2010 W: 3943699 (N.D. Oct. 5, 2010).

### C.    Appeal *In Forma Pauperis*

"An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). A district court's finding "that an appeal would not be in good faith because no certificate of appealability had been issued . . . is not enough to explain why the appeal on the merits would not be in good faith, because the standard governing the issuance of a certificate of appealability is not the same as the standard for determining whether an appeal is in good faith. It is more demanding . . . [T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 631-32 (7th Cir. 2000). In other words,

> [a] party demonstrates good faith by seeking appellate review of any issue that is not frivolous when examined under an objective standard. *See Coppedge v. United States,* 369 U.S. 438, 445, 82 S. Ct. 917, 921, 8 L. Ed. 2d 21 (1962). An issue is frivolous when it appears that "the legal theories are indisputably meritless." *Carroll v. Gross,* 984 F.2d 392, 393 (11th Cir. 1993) (citations omitted). In other words, an IFP action is frivolous, and thus not brought in good faith, if it is "without arguable merit either in law or fact." *Bilal v. Driver,* 251 F.3d 1346, 1349 (11th Cir. 2001). More specifically, "arguable means capable of being convincingly argued." *Sun v. Forrester,* 939 F.2d 924, 925 (11th Cir. 1991) (internal quotations and citations omitted). Nevertheless, where a "claim is arguable, but ultimately will be unsuccessful," it should be allowed to proceed. *Cofield v. Ala. Pub. Serv. Comm'n,* 936 F.2d 512, 515 (11th Cir. 1991).

*Ghee v. Retailers Nat. Bank*, 271 F. App'x 858, 859-60 (11th Cir. 2008) (per curiam) (unpublished).

Considering the above reasoning, the undersigned **RECOMMENDS** the Court certify that any appeal by Baine of the partial denial and partial dismissal of his present Rule 60(b) motion would be without merit and therefore not taken in good faith.

### III.   Conclusion and Recommendations

In accordance with the foregoing analysis, it is **RECOMMENDED** that Baine's Motion for Relief from Judgment under Federal Rule of Civil Procedure 60(b) (Doc. 56) be **DISMISSED** for lack of jurisdiction to the extent it is an unauthorized second or successive habeas petition, and that it otherwise be **DENIED**.  It is further **RECOMMENDED** that the Court find Baine not entitled to a certificate of appealability, or to proceed *in forma pauperis* on appeal because any appeal would not be taken in good faith.

### IV.   Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Federal Rule of Civil Procedure 72(b)(2); Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts; S.D. Ala. GenLR 72(c).  The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives

the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

      **DONE** this the 26th day of October 2016.

                  */s/ Katherine P. Nelson*
                  **KATHERINE P. NELSON**
                  **UNITED STATES MAGISTRATE JUDGE**